[Cite as *State v. Meyer*, 2012-Ohio-145.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100502 |
| | | TRIAL NOS. 10CRB-3248 |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | *O P I N I O N.* |
| | | |
| JOHN A. MEYER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: January 18, 2012

*John Cupp*, City Solicitor, *Charlie Rubenstein*, Interim City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}     Defendant-appellant John A. Meyer was convicted, after entering pleas of no contest, of two counts of theft and one count of criminal trespass.  At the sentencing hearing, the trial court orally imposed sentence on both theft counts, but failed to orally impose a sentence for the criminal-trespassing charge.  The sentence for the charge, 30 days in the Hamilton County Justice Center, appeared on the judgment entry.

{¶2}     Meyer argues, and we agree, that the trial court failed to properly impose the 30-day sentence for the criminal-trespassing charge.  The state argues that Meyer was properly informed of the sentence when, during the hearing, he was told that the maximum penalty for the criminal-trespassing offense was 30 days.  But a trial court must orally impose a sentence for each offense on the record.  The mention of the possible sentence is insufficient.

{¶3}     For that reason, the sentence was not properly imposed on the trespassing charge.  Meyer's sole assignment of error is sustained.  This cause is remanded to the trial court for it to properly impose a sentence on the criminal-trespassing charge.  In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part,

reversed in part,

and cause remanded.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

3