[Cite as *State v. Kirby*, 2016-Ohio-8138.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27986 |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | |
| ANTHONY KIRBY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| | | |
| Appellant | | CASE No. CR 2012 10 2846 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2016

CARR, Presiding Judge.

{¶1} Appellant, Anthony Kirby, appeals his sentencing by the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2} A jury found Kirby guilty of two counts of kidnapping, two counts of rape, and one count of felonious assault, and the trial court found Kirby to be a repeat violent offender. The trial court merged the two kidnapping convictions and sentenced him to prison terms totaling 51 years. Kirby appealed. This Court affirmed his convictions, but reversed with respect to whether some of his convictions were allied offenses of similar import. *State v. Kirby*, 9th Dist. Summit No. 27060, 2014-Ohio-5643. Specifically, we concluded that Kirby's convictions for rape should have merged with his convictions for kidnapping and his convictions for kidnapping should have merged with his conviction for felonious assault. *Id.* at ¶ 29, 32. On

the other hand, we concluded that Kirby could be convicted and sentenced for rape and felonious assault because those crimes constituted separate offenses. *Id*. at ¶ 22-23.

{¶3} This Court remanded the case to the trial court for proceedings consistent with our opinion, and the trial court conducted another sentencing hearing with Kirby present by means of video conference. The trial court merged his convictions for kidnapping with one of the rape convictions, and the State elected that Kirby be sentenced for rape. The trial court sentenced him, therefore, to prison terms of 11 years for each rape conviction, 3 years and 10 years, respectively, for each of two repeat violent offender specifications that accompanied the rape convictions, 8 years for the felonious assault conviction, and 8 years for the repeat violent offender specification that accompanied the felonious assault conviction. The trial court ordered each prison term to be served consecutively for a total term of 51 years and informed Kirby of his obligation to register as a Tier III sex offender. Kirby filed this appeal.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON [KIRBY] IN VIOLATION OF THIS COURT'S MANDATE, THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 1 AND 10 OF THE OHIO CONSTITUTION.

{¶4} Kirby's first assignment of error is that the trial court committed plain error by sentencing him for both rape and felonious assault. Specifically, Kirby's argument is that because this Court previously held that his convictions for kidnapping and rape and kidnapping and felonious assault merged for purposes of sentencing, it was plain error for the trial court to sentence him for both rape and felonious assault.

{¶5} Crim.R. 52(B) circumscribes this Court's ability to recognize plain error in three ways. "First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. Third, the error must have affected * * * the outcome of the trial." (Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). This Court notices plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶6} Under the doctrine of the law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Consequently, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Id*. at 4. The doctrine is a rule of practice, however, and an exception to its application exists when there has been an intervening decision of the Supreme Court. In Kirby's first appeal, this Court applied *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and concluded that Kirby could be sentenced for both rape and felonious assault. *Kirby*, 2014-Ohio-5643, at ¶ 23. Our decision is the law of the case with respect to Kirby's resentencing and to this appeal, but we must consider whether an intervening decision of the Ohio Supreme Court requires departure from our prior decision.

{¶7} Four months after our decision in Kirby's first appeal, but before the trial court resentenced Kirby, the Supreme Court of Ohio reexamined its decision in *Johnson*. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. In so doing, the Court clarified the analysis required to determine whether a criminal defendant can be convicted and sentenced for multiple offenses and concluded:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. at paragraph three of the syllabus. The Court also explained that, within the meaning of R.C. 2941.25(B), "[t]wo or more offenses of dissimilar import exist * * * when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at paragraph two of the syllabus.

In Kirby's first appeal, we concluded that the harms that resulted from the rape and the felonious assault were separate and identifiable. *Kirby* at ¶ 23. This determination is consistent with *Ruff*. Accordingly, *Ruff* does not require us to revisit our prior decision, and both Kirby's resentencing and this appeal are governed by the law of the case. The trial court did not err in sentencing Kirby for rape and felonious assault in reliance on our prior decision, and, because "error * * * [is] the starting point for a plain-error inquiry," we overrule Kirby's first assignment of error. *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001).

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN CLASSIFYING [KIRBY] A TIER III SEX OFFENDER WITHOUT ADEQUATE NOTIFICATION, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶8} Kirby's second assignment of error is that the trial court committed plain error by failing to comply with the notification requirements of R.C. 2950.03(B) during his resentencing.

{¶9} In order for this Court to recognize plain error, an appellant must demonstrate deviation from a legal rule by the trial court that constituted an obvious defect in the trial proceedings and affected the outcome of the proceedings. *Barnes*, 94 Ohio St.3d at 27, citing

Crim.R. 52(B). Although Kirby asserts that the trial court committed plain error, the substance of his argument relates entirely to whether the trial court deviated from a legal rule. He has not constructed an argument that addresses whether the alleged error was "plain" in the sense required by Crim.R. 52(B), however, and we decline to construct one on his behalf. *State v. Roy*, 9th Dist. Lorain no. 13CA010404, 2014-Ohio-5186, ¶ 68.

{¶10} Kirby's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN IMPOSING COSTS UPON [KIRBY] AFTER HAVING PREVIOUSLY WAIVED COSTS, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶11} Kirby's third assignment of error is that the trial court erred by imposing court costs against him without giving him the opportunity to seek a waiver. We agree.

{¶12} R.C. 2947.23 requires trial courts to impose court costs in criminal cases, and a trial court may waive the payment of costs upon the motion of an indigent defendant. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 14. A motion to waive the payment of costs must be made at the time of sentencing, but the Ohio Supreme Court has concluded that when a trial court fails to mention costs during the sentencing hearing, a defendant is denied the opportunity to request a waiver. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 13. When court costs are imposed later by means of the sentencing entry, a trial court violates Crim.R. 43(A) by depriving the defendant of the right to be present at each stage of the proceedings. *Id*. at ¶ 22. The appropriate remedy for this error is to remand the case for the limited purpose of permitting the defendant to move for a waiver of the payment of court costs. *Id*. at ¶ 23.

{¶13} The State of Ohio acknowledges that the trial court did not mention court costs during resentencing, but did impose them in the sentencing order. The State argues, nonetheless, that no error resulted because under R.C. 2947.23(C), the trial court retains the jurisdiction to revisit the issue of waiver at any time. This Court has previously considered the State's argument in this regard and found it to be without merit. *State v. Norris*, 9th Dist. Summit No. 27630, 2016-Ohio-1526, ¶ 23-25. We reach the same conclusion in this case.

{¶14} The trial court erred by imposing court costs against Kirby without giving him the opportunity to seek a waiver of payment. Kirby's third assignment of error is sustained.

## ASSIGNMENT OF ERROR IV

[KIRBY] WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶15} Kirby's final assignment of error is that he received ineffective assistance of counsel by failing to object to errors in connection with his resentencing. Because this Court has sustained Kirby's third assignment of error with respect to the imposition of court costs, his fourth assignment of error is moot in connection with that alleged error. *See State v. Mack*, 9th Dist. Summit No. 26859, 2014-Ohio-1387, ¶ 15, citing *State v. Jamhour*, 10th Dist. Franklin No. 06AP-20, 2006-Ohio-4987, ¶ 14. We consider Kirby's fourth assignment of error, therefore, in connection with his remaining arguments.

{¶16} In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the arguments in his first assignment of error, Kirby

has not demonstrated error to which trial counsel should have objected. In other words, counsel's performance was not deficient and, it follows that it was not ineffective. *See State v. McDowell*, 9th Dist. Summit No. 26697, 2014-Ohio-3900, ¶ 18, citing *State v. Williams*, 9th Dist. Summit No. 25716, 2011-Ohio-6604, ¶ 14. With respect to his second assignment of error, even if this Court assumes, without deciding, that trial counsel's performance was deficient by virtue of not objecting during the resentencing, Kirby has not demonstrated that the outcome of his resentencing would have been different. In this respect, we note that the trial court's order that resentenced Kirby did notify him of his registration obligations. In addition, although the record does not reflect that Kirby signed the written notification of his registration obligations, it appears that the trial court did complete the written notification in connection with his resentencing.

{¶17} Kirby's fourth assignment of error is overruled.

III.

{¶18} Kirby's first, second, and fourth assignments of error are overruled. His third assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

8

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.