[Cite as *State v. Anderson*, 2019-Ohio-5220.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JEFFREY ANDERSON

    Appellant

C.A. Nos.    29275
                 29276

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR-2018-04-1094
                 CR-2018-06-2046

DECISION AND JOURNAL ENTRY

Dated: December 18, 2019

CARR, Judge.

**{¶1}** Appellant, Jeffrey Anderson, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** The instant appeal flows from separate indictments handed down by the Summit County Grand Jury. On April 24, 2018, Anderson was indicted on one count of harassment with a bodily substance, one count of obstructing official business, and one count of assault in Case No. 2018-04-1094. Anderson pleaded not guilty to the charges at arraignment. The Summit County Grand Jury returned a second indictment against Anderson on July 6, 2018. In Case No. 2018-06-2046, Anderson was charged with one count of kidnapping, one count of escape, one count of assault, and one count of obstructing official business. Anderson pleaded not guilty to these charges as well.

{¶3}    The cases were combined for the purposes of trial and the jury found Anderson guilty of the all of the charges in both indictments.  Prior to sentencing, Anderson filed a motion to merge allied offenses of similar import.

{¶4}    After holding a sentencing hearing, the trial court issued its sentencing entries in both cases on December 18, 2018.  In Case No. 2018-04-1094, the parties agreed that all of the charges merged for sentencing purposes and the trial court imposed a 12-month term of incarceration for harassment with a bodily substance.  In Case No. 2018-06-2046, the trial court found that the count of escape merged with the count of obstructing official business and imposed an aggregate three-year prison sentence for the offenses in that case.  The trial court also specified that the sentences in Case No. 2018-04-1094 and Case No. 2018-06-2046 were to be served concurrently for a total prison sentence of three years.

{¶5}    On appeal, Anderson raises two assignment of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT IMPROPERLY IMPOSED A SENTENCE UPON DEFENDANT WHEN IT WAS NOT MADE IN OPEN COURT, AND IMPROPERLY SENTENCED THE DEFENDANT ON AN ALLIED OFFENSE WHEN THE STATE DID NOT ELECT THE OFFENSE FOR WHICH DEFENDANT SHOULD BE PUNISHED.

{¶6}    In his first assignment of error, Anderson asserts that the trial court erred when it set forth a one-year prison term of escape in its sentencing entry in Case No 2018-06-2046 when no sentence for that offense was pronounced at the sentencing hearing.  This Court agrees.

{¶7}    The sentencing hearing in this matter was held on December 14, 2018.  At the outset of the hearing, the trial court addressed Anderson's motion to merge certain counts for the purposes of sentencing.  With respect to Case No. 2018-06-2046, Anderson initially argued that

all of the charges should be merged. In the alternative, he argued that the kidnapping count should be merged with the assault count, and that the escape count should be merged with the count of obstruction of official business. The State sharply disagreed with Anderson's contention that all of the counts should be merged, particularly with respect to the counts of kidnapping and assault, which the State maintained were clearly committed with a separate animus. The trial court ultimately determined that the counts of kidnapping and assault should not be merged, but the counts of escape and obstructing official business were allied offenses and should be merged. With respect to merger, the trial court stated that it "[would] sentence on the more serious charge left standing."

{¶8} The trial court proceeded to sentencing and imposed a three-year prison sentence for kidnapping and a 12-month prison sentence for assault. With respect to the remaining counts in Case No. 2018-06-2046, the trial court stated, "Counts Two [Escape] and Four [Obstructing Official Business] were merged, so the aggregate sentence is three years." The trial court neither mentioned that it was imposing sentence on the count of escape, nor did it indicate the length of the sentence for that offense.

{¶9} The parties proceeded to get into a disagreement with respect to jail time credit. During the exchange, the trial court stated, "I will tell you what. I will meet with counsel after the hearing, and we will discuss it further." Prior to adjourning the hearing, the State sought clarification regarding which counts had merged for sentencing purposes. The trial court again indicated that while the counts of kidnapping and assault did not merge, the counts of escape and obstructing official business did, in fact, merge. The State then inquired as to whether the trial court had imposed a sentence on the count of assault. The trial court responded, "I thought I said

12 months?" Defense counsel confirmed that the trial court had indeed imposed a 12-month term of incarceration for assault. The hearing was then adjourned.

{¶10} In its December 18, 2018 sentencing entry, the trial court stated that the counts of escape and obstructing official business merged for the purposes of sentencing, and the State elected to proceed with sentencing on the count of escape. The trial court imposed a three-year prison term for kidnapping, a 12-month prison term for escape, a 12-month prison term for assault, and further ordered that all of the sentences were to be served concurrently. The trial court also ordered that the three-year sentence in Case No. 2018-06-2046 was to be served concurrently with the one-year sentence in Case No. 2018-04-1094.

{¶11} On appeal, Anderson contends that the trial court erred by failing to pronounce a sentence for escape on the record at the sentencing hearing and then subsequently imposing a 12-month term of incarceration for that offense in its December 18, 2018 sentencing entry. In response, the State stresses that it is Anderson's burden to provide all necessary parts of the record to this Court and to demonstrate error. The State emphasizes that the trial court indicated at the sentencing hearing that there would be further discussion with counsel off the record and "it does not appear that the parties went back on the record after the discussion." The State speculates that it likely elected to have Anderson sentenced on the escape charge during the off-the-record discussion and that there may have been an additional dialogue regarding the length of the sentence at that time.

{¶12} Under the circumstances of this case, we are compelled to sustain Anderson's assignment of error as the trial court imposed a sentence in its judgment entry that differed from what was pronounced at the sentencing hearing. Crim.R. 43(A) requires the defendant to be present at every stage of a criminal proceeding, including sentencing. *State v. Wooden*, 9th Dist.

Summit No. 27250, 2015-Ohio-2633, ¶ 16. "[A] trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant[']s presence." *State v. West*, 9th Dist. Summit No. 27485, 2015-Ohio-2936, ¶ 51, quoting *State v. Aliane*, 10th Dist. Franklin No. 03AP-840, 2004-Ohio-3730, ¶ 8; *see also State v. Meyer*, 1st. Dist. Hamilton No. C-100502, 2012-Ohio-145, ¶ 2 ("[A] trial court must orally impose a sentence for each offense on the record."). "The remedy for such an error is a remand for a resentencing hearing." *West* at ¶ 51, citing *Aliane* at ¶ 9. Here, the trial court erred by imposing a 12-month sentence for escape in its judgment entry when it did not pronounce that sentence at the sentencing hearing. We are not persuaded by the State's suggestion that the trial court may have addressed the sentence for escape during an off-the-record discussion with counsel. In addition to the fact that it would be inappropriate for the trial court to sua sponte conduct a portion of the sentencing hearing off the record and outside the presence of the defendant, a review of the transcript suggests that any off-the-record discussion that occurred in this matter was aimed at resolving issues relating to the calculation of jail-time credit. It follows that Anderson's first assignment of error is sustained.

{¶13} The first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY IMPOSING COURT [COSTS] WHEN IT DID NOT DO SO IN OPEN COURT.

{¶14} In his second assignment of error, Anderson contends that the trial court erred when it ordered him to pay court costs in the sentencing entries for Case. No. 2018-04-1094 and Case No. 2018-06-2046 when court costs were not addressed at the sentencing hearing. This Court agrees.

{¶15} R.C. 2947.23 requires the trial court to impose court costs in criminal cases but a trial court may waive the payment of costs upon the motion of an indigent defendant. *See State v. Vinson*, 9th Dist. Summit No. 28313, 2017-Ohio-4275, ¶ 18. While a motion to waive court costs must be made at sentencing, the Supreme Court of Ohio has held that a defendant is denied the opportunity to request a waiver where the trial court fails to mention courts costs at the sentencing hearing. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 13. A trial court violates Crim.R. 43(A) when it imposes court costs in a sentencing entry when it did not address court costs at the sentencing hearing. *Id*. at ¶ 22.

{¶16} Here, the State concedes that the trial court never mentioned court costs at the sentencing hearing and then subsequently imposed court costs in the sentencing entries in Case. No. 2018-04-1094 and Case No. 2018-06-2046. This Court's independent review of the record confirms that the trial court erroneously imposed court costs in its sentencing entries after failing to discuss that issue at the sentencing hearing. Therefore, the trial court erred by imposing court costs without providing Anderson an opportunity to seek waiver of payment. *See Vinson* at ¶ 19.

{¶17} The second assignment of error is sustained.

III.

{¶18} Anderson's first and second assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.