JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Stephon Cunningham appeals from a judgment of conviction on counts of failing to comply with an order of a police officer, carrying a concealed weapon, having a weapon under disability and two counts of endangering children. His sole assignment of error is that the court's judgment of conviction on all counts is against the manifest weight of the evidence. We have no basis for concluding that the court lost its way when considering the evidence, so we affirm.
 {¶ 2} The state's evidence showed that three vice detectives were on patrol in a high crime area in the city of Cleveland. As they pulled into a gas station that had been the site of frequent complaints about drug dealing, their suspicions were aroused by a van parked at a gas pump. The van was not being fueled, and two males, appellant and Antonio Wood, were "huddled together" near the van, but away from the pump. Appellant and Wood were engaged in "hand-to-hand passing." The vice officers said that in their experience, these gestures suggested that the two were engaged in drug trafficking.
 {¶ 3} The detectives exited their vehicle. Two of the detectives walked over to the van to investigate and the third detective walked toward another person located in a different area of the gas station. The two officers who approached the van heard someone yell loudly, "vice, vice is in the area." Appellant and Wood moved to the van; appellant entered on the passenger side while Wood entered on the driver's side. One of the officers followed appellant, while the other followed *Page 4 
Wood. The detective who followed appellant said that he held his weapon in his hand and ordered appellant to open the door and exit the vehicle. Appellant did not comply and instead locked the door of the van. As the officer continued to order appellant to open the door, appellant kept telling Wood to "pull off, pull off," but Wood refused. By this time, another detective had gone to Wood's side of the van and successfully ordered Wood to put his hands over his head. Appellant reached over and tried to put the van into gear. When he did so, a detective saw appellant holding a gun. The detective yelled "gun" to his colleague. At that point, appellant slid onto Wood's lap, put the van into gear and drove away.
 {¶ 4} As the van pulled away, one of the detectives shot out the right front tire. The van proceeded a short distance before the front tire went flat and the van struck a small tree. Appellant exited the vehicle and fled on foot. One of the detectives was about to chase after appellant until he heard a child's voice from inside the van screaming, "Daddy, daddy, don't leave me." The detective found a young, hysterical child in the van. He discovered a 16-year-old juvenile in the van as well. The detectives found a gun on the console of the van, and one of the detective's later identified it as the same one that appellant held. They also recovered 15.4 grams of marijuana from the van.
 {¶ 5} Appellant testified and, along with two other witnesses, denied any involvement with drug activity or possessing a firearm. He said that he had been visiting with his daughter and intended to return the daughter to her maternal *Page 5 
grandmother. Lacking transportation of his own, appellant asked Wood if he could borrow Wood's van. Wood agreed to lend appellant the van, but could not accompany him. A man named Shawn Allen agreed to drive the van. They departed but the daughter complained that she was hungry. They decided to stop at the gas station to buy her a sandwich, but were unable to do so. They drove around for an undetermined period of time, and eventually returned to the gas station. Claiming that the gas pumps were often inoperable, they pulled next to a gas pump and left the van running while Allen entered the gas station to buy the sandwich. Wood appeared and climbed into the vacant driver's seat. The juvenile then entered the van and asked for a ride home. As they waited for Allen to return with the sandwich, Wood said "vice." Appellant closed his door and one of the vice detectives said, "freeze, motherfucker, Vice." Appellant told the officer to put his gun away because he had a child in the back of the van. He said that the officer hit the window with the gun, and Wood then drove the van away. Appellant heard a gunshot and then the van crashed into the tree. He said that he saw blood on his shirt and, not knowing if he had been shot, panicked and ran away. Appellant denied seeing a gun in the van.
 {¶ 6} When reviewing a claim that a verdict is against the manifest weight of the evidence, we weigh all the reasonable inferences, consider the credibility of witnesses and, in considering conflicts in the evidence, determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the *Page 6 
conviction must be reversed and a new trial ordered. See State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. In doing so, we remain mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest."State v. Antill (1964), 176 Ohio St. 61, 67.
 {¶ 7} Appellant concedes that his version of events differs from the version of events offered by the state, but maintains that his is the more credible version. He maintains that the detectives' testimony that he jumped into Woods' lap to drive away is questionable because there was no evidence that he engaged in any drug activity.
 {¶ 8} The court had every reason to believe the testimony of three vice detectives over that of appellant, who admitted to prior felony drug convictions. There is no dispute that the police recovered marijuana and a firearm from the van. There is likewise no dispute that appellant and his associates knew that the officers were from the vice division. Finally, appellant admitted to abandoning his child and running from the scene after the van crashed. These facts were all consistent with the state's version of events which alleged that appellant and Wood were engaged in drug activity and that appellant tried to flee from the scene when the police arrived. The court did not lose its way by finding appellant guilty as charged. *Page 7 
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1