DECISION AND JUDGMENT ENTRY
{¶ 1} Michael L. Hurst, father of M.E.H., appeals the judgment of the Washington County Court of Common Pleas, Juvenile Division, which named Anna C. Story, mother of M.E.H., residential parent and legal custodian. On appeal, father contends that the trial court erred when it failed to appoint an attorney to represent him pursuant to R.C. 2151.352 and/or Juv. R. 4. Because the trial court exercised its jurisdiction pursuant to R.C. 2151.23(A)(2), we find that neither R.C. 2151.352 nor Juv. R. 4 required the court to appoint an attorney to represent him. Hurst next contends that the trial court should have granted him a continuance to secure private counsel. Because Hurst was represented by private counsel when he filed his complaint for custody and for the final hearing, and because the trial court granted Hurst's request for a continuance to obtain *Page 2 
private counsel when he was unrepresented at the temporary custody hearing, we disagree. Hurst next contends that we should overturn the trial court's judgment because the trial court was biased toward him. Because we do not have the authority to void the judgment of the trial court on these grounds, even if the trial court was biased, we disagree. Hurst next contends that the trial court erred when it overruled his motion to dismiss the guardian ad litem ("GAL") and strike the GAL's testimony and report. Because Hurst has the burden of providing us with a transcript or App. R. 9 statement of alleged errors in the record, and because we presume the regularity of the proceedings and the validity of the court's findings (of no conflict and that the GAL was carrying out her duties) without a transcript or substitute statement of the record, we disagree. Finally, Hurst contends that the trial court erred when it awarded custody of the child to the mother before the completion of the psychological evaluation. Because the court has broad discretion in custody matters, and because the court in its order gave the father the option of completing a psychological evaluation to possibly modify its supervised visitation order, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Although they lived together off and on, Hurst and Story never married. They are the parents of M.E.H. (a girl born 8-19-02). Hurst was administratively determined to be the father in 2003. Hurst, through his attorney, filed an original custody action in 2006. Based on the affidavit filed with the action, the court granted Hurst temporary custody of M.E.H. Later, Story moved the court for *Page 3 
custody of M.E.H. Eventually, Hurst's temporary custody was terminated after a full temporary custody hearing.
 {¶ 3} At the temporary custody hearing, Hurst appeared without counsel and requested a continuance. The court granted his request and continued the hearing for two weeks. After reconvening the hearing, the court awarded Story temporary custody pending the final hearing.
 {¶ 4} At the final hearing, both Hurst and Story were represented by counsel. Witnesses testified that Hurst verbally and physically abused Story throughout their relationship and that Hurst gets angry at his daughter M.E.H. These witnesses also provided other information that undermines Hurst's arguments to this court (which will be discussed below).
 {¶ 5} After the final hearing, the court made numerous "FINDINGSOF FACT" and "CONCLUSIONS OF LAW." It found that the guardian ad litem ("GAL") recommended that the mother have custody of M.E.H. In addition, it found: "The [GAL] believes the father should have supervised visitation until he undergoes a psychological evaluation."
 {¶ 6} Within its decision, the court designated Story as the residential parent and legal custodian of M.E.H. The court granted Hurst supervised visitation and did not allow him to make telephone calls to his daughter.
 {¶ 7} In its decision, the court granted supervised visitation to Hurst "until such time that he undergoes a full psychological evaluation with Dr. Michael Harding and he requests that the Court hold a further hearing on the issue of the father's suitability to have unsupervised visitation. The father shall make *Page 4 
arrangements to pay all costs of Dr. Harding if he chooses to undergo said psychological evaluation."
 {¶ 8} Hurst appeals the trial court's decision and asserts the following four assignments of error: I. "Juvenile Court erred in not inquiring as to whether Appellant wanted to have counsel appointed or a reasonable continuance to secure private counsel, in violation of ORC2151.352; and Juv. R. 4(A)." II. "Juvenile Court's Orders were inconsistent and contradictive in a bias nature with regards to which party the Court decided on, in violation of Amendment XIV, Section 1, of the U.S. Constitution." III. "Juvenile Court erred in denying Appellant's Motion to Dismiss Guardian Ad Litem, Accepting Guardian Ad Litem's testimony and Report, Motion to Strike Guardian Ad Litem's Report, and Ordering the Appellant to pay for the Guardian Ad Litem's costs for her work after the Appellant's Motions, in violation of The Supreme Court of Ohio's Report and Recommendations on Standards for Guardian Ad Litem; and ORC 2151.281." And, IV. "Juvenile Court's Final Order was premature due to the fact that custody was granted before the psychological evaluation was completed and the lack of representation during the Modification Hearing to defend, object, and present proper exhibits, is in violation of ORC 3109.04(F)(1) (e); and Amendment XIV, Section 1, of the U.S. Constitution."
 II. {¶ 9} Hurst contends in his first assignment of error that the trial court erred when it did not ask him if he wanted court appointed counsel. To answer this *Page 5 
legal question, we conduct a de novo review. See, e.g.,Yazdani-Isfehani v. Yazdani-Isfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
 {¶ 10} "A [parent of a child] is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code. If, as an indigent person, a party is unableto employ counsel, the party is entitled to have counsel provided forthe person pursuant to Chapter 120. of the Revised Code except in civilmatters in which the juvenile court is exercising jurisdiction pursuantto division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of theRevised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party toobtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them." (Emphasis added.) R.C. 2151.352.
 {¶ 11} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This ruleshall not be construed to provide for a right to appointed *Page 6 counsel in cases in which that right is not otherwise provided for byconstitution or statute." (Emphasis added.) Juv. R. 4(A).
 {¶ 12} Here, we find that Hurst was not entitled to appointed counsel because the court exercised its jurisdiction under R.C. 2151.23(A)(2). R.C. 2151.352 provides that an indigent parent (as a party) is entitled to appointed counsel except if the court is exercising its jurisdiction under R.C. 2151.23(A)(2), as is the case here.[1] Further, because neither the Ohio constitution, R.C. 2151.352, nor any other statute provides for the parent's right to appointed counsel, we cannot construe Juv. R. 4 standing alone to provide Hurst with a right to appointed counsel.
 {¶ 13} Hurst maintains, however, that the court should have asked him if he wanted a reasonable continuance to secure private counsel.
 {¶ 14} As we stated earlier, R.C. 2151.352 provides, "If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel[.]"
 {¶ 15} Here, Hurst had private counsel when he filed his complaint for custody. He did not have counsel when he appeared for the temporary custody hearing but did have private counsel at the final hearing. As such, we must *Page 7 
determine if the trial court's actions were proper when Hurst appeared without counsel for the temporary custody hearing.
 {¶ 16} The record shows that the court granted Hurst a two week continuance when he appeared the one time without counsel. Before granting the continuance, the court listened to Hurst talk about his prior counsel withdrawing and his attempts to hire new counsel.
 {¶ 17} We find the two week continuance reasonable. The main purpose of the temporary custody hearing was to determine whether the mother or the father should have custody of the child until the final hearing. Hurst appeared two weeks later without counsel. The court's interlocutory order after the hearing switched temporary custody from Hurst to the mother. However, Hurst had private counsel for the final hearing.
 {¶ 18} Therefore, we find no error in the court's failing to ask Hurst if he wanted court appointed counsel when it granted him a two week continuance to obtain private counsel.
 {¶ 19} Accordingly, we overrule Hurst's first assignment of error.
 III. {¶ 20} Hurst contends in his second assignment of error that the trial court judge was biased. He asserts that we should remand this case to the trial court for another trial and order that a different judge hear the case.
 {¶ 21} Under R.C. 2701.03, when a party believes that a judge of the court of common pleas is biased, the party must file an affidavit of disqualification with the Supreme Court of Ohio. See Section 5(C), Article IV, Ohio Constitution; see, *Page 8 
also, State v. Moore (2001), 93 Ohio St.3d 649, 650; Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442 (holding that because only the Chief Justice of the Ohio Supreme Court or a designee thereof may hear disqualification matters, a court of appeals has no such "authority to pass upon disqualification" or to void a judgment on such basis).
 {¶ 22} Here, Hurst did not file the required affidavit. Therefore, he "is foreclosed from bringing such a complaint." Moore, supra, at 650.
 {¶ 23} Accordingly, we overrule Hurst's second assignment of error.
 IV. {¶ 24} Hurst contends in his third assignment of error that the trial court erred when it denied his motion to dismiss the GAL.
 {¶ 25} "The decision to remove a guardian ad litem rests within the sound discretion of the juvenile court and will not be reversed on appeal absent an abuse of that discretion." In re Morgan, Marion App. No. 9-04-02, 9-04-03, 2007-Ohio-4018, ¶ 59, citing In re Smith (Mar. 5, 1997), 3d Dist. No. 1-96-71; Conner v. Renz (Aug. 26, 1992), 4th Dist. Nos. CA1492 and CA1519.
 {¶ 26} In the trial court, Hurst argued that the court should grant his request to dismiss the GAL because the GAL's cousin has a personal grudge against him (he attached a copy of an e-mail from the alleged cousin to his motion), and the GAL was not carrying out her duties. He maintained that since he requested the appointment of the GAL and was paying her fees, then he should be allowed to remove her. Pursuant to R.C. 2151.281(D)(2), he asked the court to appoint an alternate GAL. *Page 9 
 {¶ 27} The trial court's judgment entry denying Hurt's motion to dismiss the GAL indicated that the court met with the GAL and the parties' attorneys in chambers and found no conflict existed and that the GAL was carrying out her duties. However, Hurst did not provide us with a record of this meeting.
 {¶ 28} Hurst raises the same arguments on appeal.[2] For example, he contends that the GAL was biased and did not carry out her duties. However, Hurst, "as the appellant, bears the burden of showing error by reference to matters in the record." Proctor v. Hall, Lawrence App. No. 05CA3 05CA8, 2006-Ohio-2228, ¶ 20 citing State v. Skaggs (1978),53 Ohio St.2d 162. "Where a transcript is unavailable or a proceeding is otherwise not recorded, an appellant may provide a settled or agreed statement of the proceeding as the record for review upon appeal." Id. citing App. R. 9(C) and (D); Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. "Absent a substitute statement of the record, we presume the regularity of the proceedings and the validity of the court's judgment." Id.
 {¶ 29} As such, we find that the trial court's findings (of no conflict and that the GAL was carrying out her duties) are valid. Stated differently, because we do not know what information was provided to the court during the hearing in chambers, we cannot determine whether the court abused its discretion or not in denying Hurst's motion. *Page 10 
 {¶ 30} Hurst continues to maintain on appeal that when he "VOLUNTARILY hired the GAL and paid the retainer, then [he] naturally has the right to fire/remove that GAL." However, Hurst does not cite to any authority to support his position, and we likewise cannot find any authority to support the same.
 {¶ 31} In addition, Hurst asserts that the trial court should not have accepted the GAL's testimony and report or ordered him to pay the costs of the GAL. With regard to ordering him to pay costs, the court acted within its province pursuant to Juv. R. 4(F), which provides that "[t]he court may fix compensation for the services of * * * guardians ad litem, tax the same as part of the costs and assess them against the child, the child's parents, custodian, or other person in loco parentis of such child." There was no error in this regard.
 {¶ 32} With regard to the GAL's testimony and report, we have already determined that there was no error in denying Father's motion to discharge the GAL. Absent any other reasons against accepting the GAL's testimony and report, there is no merit to this assertion.
 {¶ 33} Accordingly, we overrule Hurst's third assignment of error.
 V. {¶ 34} Hurst contends in his fourth assignment of error that the trial court erred when it granted custody of the child to the mother "before the psychological evaluation was completed[.]" He asserts that one of the factors that the trial court had to consider to determine the "best interests" of the child is R.C. 3109.04(F)(1)(e), which provides, "The mental and physical health of all persons involved in the situation." *Page 11 
 {¶ 35} A trial court enjoys broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This is due, in part, to the fact that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Id. at 418. We will not disturb a trial court's custody determination unless the court abused its discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. An "abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 36} "The juvenile court has exclusive original jurisdiction under the Revised Code * * * to determine the custody of any child not a ward of another court of this state[.]" R.C. 2151.23(A)(2). "The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3127.01 to 3127.53, and 5103.20 to5103.22 of the Revised Code." R.C. 2151.23(F)(1).
 {¶ 37} When a court determines the best interest of a child in an original custody proceeding, it must consider all relevant factors, including those contained in R.C. 3109.04(F)(1). One of those relevant factors is "[t]he mental and physical health of all persons involved[.]" R.C. 3109.04(F)(1)(e).
 {¶ 38} Here, the record shows that the father is mistaken. The court did not order a psychological evaluation to determine the "mental * * * health of all persons involved" under R.C. 3109.04(F)(1)(e). The court heard evidence and decided that the R.C. 3109.04(F)(1) (e) factor favored the mother. Instead, the court ordered that the father have supervised visitation but gave the father the *Page 12 
option of undergoing a psychological evaluation. In turn, a good evaluation could later lead to the father having unsupervised visitation with his child.
 {¶ 39} The trial court made the following relevant findings of fact:
 27. The [GAL] believes the father should have supervised visitation until he undergoes a psychological evaluation.
 28. The father's behavior is extremely detrimental to the child. During father's temporary custody, the child was reluctant to return to him after her visits with the mother.
 29. He has called [mother] a whore in the presence of the child. On one occasion when the mother called to talk to the daughter, he said hold on "whore" and handed the telephone to his daughter. [Mother] asked her daughter how she knew it was her and she told her that daddy calls her that all the time.
 30. He has left vulgar messages on the mother's home telephone as follows: "Fuck you all, you piece of shit, cock sucking skanks." He has also called them "fucking scum" in messages.
 31. He left the following messages on the mother's home telephone answering machine: "You piece of shit. You dumb fuckers, you are all a bunch of inbred cock sucking skanks." [And] "I'll get you, you bitch."
 32. The father is always grilling the child for information on the mother and her activities and asking her if anyone has hurt her. *Page 13 
 {¶ 40} In the court's "conclusions of law" involving the "best interests" factor contained in R.C. 3109.04(F)(1)(e), it stated, "The Court has serious concerns about the mental health of the father based on his actions as established by the evidence. The mother appears healthy both physically and mentally. This factor balances in favor of the mother."
 {¶ 41} In its final order, the trial court designated the mother as "the residential parent and legal custodian" of the child. Further, the court granted the father supervised visitation "until such time that he undergoes a full psychological evaluation with Dr. Michael Harding and he requests that the Court hold a further hearing on the issue of the father's suitability to have unsupervised visitation." If the father chose to undergo a psychological evaluation, then he had to pay the costs of the same.
 {¶ 42} Therefore, based upon the above findings of the trial court, we find that the father is mistaken. That is, the court did not order a psychological evaluation as it relates to the "best interests" factor contained in R.C. 3109.04(F)(1)(e). Instead, the court used its discretion to fashion a visitation order that could eventually lead to unsupervised visitation for the father.
 {¶ 43} Accordingly, we overrule Hurst's fourth assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We acknowledge that State ex rel. Asberry v. Payne,82 Ohio St.3d 44, 1998-Ohio-596, required a trial court to appoint counsel in a similar situation. However, after Payne, the legislature amended R.C. 2151.352, which now limits the right to counsel at government expense. See House Bill 66.
[2] Hurst raises additional arguments as well. However, he has forfeited his right to raise them for the first time on appeal. See, e.g., Bretzfelder v. Bretzfelder, Summit App. No. 23674, 2008-Ohio-2669, ¶ 7. In addition, Hurst raised arguments at oral argument that were not in his brief. We also do not address these arguments. See App. R. 12(A)(2). *Page 1