[Cite as *In re S.L.*, 2019-Ohio-815.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re S.L.

and

W.O.

  Appellant

v.

R.L.

  Appellee

Court of Appeals No.  H-18-008

Trial Court No.  DNA 2016 00048

Court of Appeals No. H-18-009

Trial Court No. CIV 2018 00035

**DECISION AND JUDGMENT**

Decided:  March 8, 2019

* * * * *

W.O., pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this consolidated appeal, appellant, W.O., appeals the judgments of the

Huron County Court of Common Pleas, Juvenile Division.  In case No. DNA 2016

00048, the juvenile court denied appellant's "Motion for a Communication Order,"

"Motion for Change of Parenting Time," and "Motion to Vacate Judgment." In case No. CIV 2018 00035, the court granted, in part, and denied, in part, appellant's "Amended Complaint for Modification of Child Support Order and Arrears." For the reasons that follow, we affirm, in part, and reverse, in part.

## I. Background

{¶ 2} The following facts are taken from the record in case No. DNA 2016 00048.

{¶ 3} Minor child, S.L., was born to her mother, C.C., in C.C.'s home in Willard, Ohio, on December 8, 2016. At the time of birth, C.C. was married to her husband, T.C. Shortly after the birth, C.C. and the child were transported to Willard Mercy Hospital, and then to Toledo St. Vincent Hospital. C.C. informed the staff at Toledo St. Vincent Hospital that she did not want to care for the child, and that she did not believe that her husband was the child's father. C.C. likewise told the Huron County Department of Job and Family Services that she did not want to keep her child, and that she wanted to have her child placed with family friends, R.L. and W.L. R.L. and W.L. reside in Huron County. On December 12, 2016, S.L. was discharged from the hospital to R.L. and W.L., who have indicated that they are willing to provide the necessary care and stability for S.L.

{¶ 4} On December 14, 2016, Huron County Department of Job and Family Services filed a complaint alleging that S.L. was dependent. The same day, the trial court held a shelter care hearing at which time it awarded temporary custody of S.L. to R.L and W.L., and ordered that paternity be established.

2.

**{¶ 5}** On January 19, 2017, an adjudicatory hearing was held, and S.L. was adjudicated a dependent child. A dispositional hearing was scheduled for March 9, 2017, at which the trial court awarded temporary custody of S.L. to R.L. and W.L., under the protective supervision of Huron County Department of Job and Family Services. The court further ordered that if appellant was determined to be the biological father, and he wished to have visitation with S.L., he must submit to a background check. After submitting to the background check, appellant would then be granted supervised visitation with S.L.

**{¶ 6}** On March 20, 2017, upon its own motion, the trial court found that the Huron County Child Support Enforcement Agency filed an administrative order finding that appellant is the natural father of S.L. based upon genetic testing. Thus, the trial court named appellant as a necessary party in the case. On the same day, R.L. and W.L. moved for legal custody of S.L. The trial court continued the matter until May 11, 2017, for a further dispositional hearing and a pretrial hearing on R.L. and W.L.'s motion for legal custody. The motion for legal custody and the notice of hearing were served upon appellant by certified mail at his address on Lane Street in Sandusky, Ohio.

**{¶ 7}** On April 10, 2017, the trial court appointed counsel for appellant.

**{¶ 8}** On April 21, 2017, an amended case plan was filed, adding appellant as a participant. The case plan provided that appellant would schedule and attend any and all visitations to be supervised at the agency, and that he would attend parenting classes with the provider of his choice. Further, due to his significant criminal history, the plan stated

3.

that appellant would comply with the terms of his parole, and avoid any behaviors that would lead to more criminal charges.

{¶ 9} On May 12, 2017, following the May 11, 2017 dispositional hearing and pretrial hearing on the motion for legal custody, the trial court ordered that S.L. shall remain in the temporary custody of R.L. and W.L., and that appellant shall be granted supervised visitation.

{¶ 10} On June 12, 2017, a semi-annual administrative review was filed with the court. In the review, it was noted that appellant has made some progress toward the goal of becoming an active parent. Appellant has been observed to change diapers, play with, rock, and hold S.L. on visits. There have been no concerns during the visits and the interactions are positive. Appellant, however, had not completed a parenting class, but he intended to complete one online. As to the goal of complying with parole and avoiding criminal behaviors, the administrative review determined that appellant had made insufficient progress. The review noted that criminal charges have been filed against appellant based on an allegation that he spanked a different child, his son, with a belt, leaving significant marks and bruises. A no contact order has been imposed between appellant and his son.

{¶ 11} On June 26, 2017, appellant's appointed counsel withdrew, citing concerns about the effect of taking appointments on his pension. The trial court then appointed new counsel for appellant. The court set the date for the evidentiary hearing on R.L. and W.L.'s motion for legal custody on July 25, 2017.

4.

{¶ 12} On July 13, 2017, appellant's fiancée, Z.R., moved to be added as a party, to be granted unsupervised visits, and to be awarded legal custody of S.L. Z.R. stated in her motion that she has been permitted to visit S.L. with appellant, and has bonded with S.L. and loves her as her own. The trial court set a hearing on Z.R.'s motions for July 25, 2017.

{¶ 13} Following the hearing on July 25, 2017, the trial court entered its judgment granting R.L. and W.L.'s motion for legal custody, and denying Z.R.'s motions. The trial court examined the factors under R.C. 3109.04(F)(1), and found that C.C. requested that S.L. be placed in the legal custody of R.L. and W.L. The court remarked that appellant invoked his constitutional right against self-incrimination and did not testify or submit evidence about his wishes, but the court inferred that his wishes were aligned with those of Z.R. The court found that S.L., at age seven months, was described as happy and well-adjusted, and that R.L. and W.L. provided a loving and stable home. The court also noted that appellant's and Z.R.'s visits with S.L. have been appropriate, and that they have enjoyed those visits. The trial court further found that there were no physical or mental health concerns with the parties, except for appellant, whom the court found has a history of violence and unmanaged anger. In 2008, appellant was sentenced to prison for assault on a police officer, and recently, appellant was incarcerated awaiting trial on a charge of domestic violence for administering inappropriate and excessive corporal punishment to his son. For these reasons, the trial court found that it would be in the best

5.

interest of S.L. to be placed in the legal custody of R.L. and W.L., with appellant having supervised visitation.

{¶ 14} Appellant did not appeal the trial court's July 27, 2017 judgment awarding legal custody of S.L. to R.L. and W.L.

{¶ 15} Thereafter, on February 2, 2018, appellant, acting pro se, filed his "Motion for a Communication Order." In his motion, appellant argued that he has sent letters and cards to S.L., and has requested that R.L. and W.L. provide him with pictures of S.L. Further, he has asked R.L. to permit him to speak with S.L. on the phone. Appellant asserted that his requests have gone unanswered. The trial court set appellant's motion for a pretrial hearing on March 15, 2018, and permitted appellant to appear via telephone. The hearing was held on March 15, 2018, and the matter was continued until March 30, 2018.

{¶ 16} On March 29, 2018, appellant moved for appointment of counsel. The trial court denied appellant's motion for counsel on the same day, and continued the previously scheduled March 30, 2018 hearing until April 30, 2018.

{¶ 17} On April 23, 2018, appellant filed a "Motion for Change of Parenting Time (Companionship and Visitation)." In his motion, appellant stated that he had ten more months in prison, but that during his incarceration he has been faithful in sending letters to S.L., and has taken numerous parenting classes. Appellant asked that he receive pictures of S.L. four times per month, that he be allowed to send and receive 30-second videos with S.L. twice per month, have video visitation with his daughter for 30 minutes

6.

once per month, and that the court would allow S.L. to visit him at prison once per month. This matter was also set for a hearing on April 30, 2018.

{¶ 18} A few days later, on April 26, 2018, appellant filed a "Motion to Vacate Judgment Due to the Trial Court Lacking Subject Matter Jurisdiction, or Authority over the Defendant." Appellant argued that Huron County Department of Job and Family Services knew on January 23, 2017, that appellant wanted custody of S.L. Appellant contended that the trial court should have delayed the adjudicatory hearing that was held on January 19, 2017, so that he could have participated in it, and been awarded custody of S.L. As with appellant's other motions, this motion was set for a hearing on April 30, 2018.

{¶ 19} Concurrent with the filing of these motions, on March 28, 2018, in case No. CIV 2018 00035, appellant filed a "Motion for Modification of Child Support Order and Arrears." Appellant requested that the trial court reduce his monthly child support obligation to $0 during the time of his incarceration, and to reduce the amount he owes in arrears by $3,252.22, which represents the child support obligation accrued while he has been in prison. The trial court set the matter for a hearing with appellant's other motions on April 30, 2018.

{¶ 20} Following the hearing, the trial court entered its judgment on May 3, 2018, in case No. DNA 2016 00048, denying appellant's motions for a communication order, for a change of parenting time, and to vacate judgment. In its decision, the trial court found that S.L. was 16 months old, and had a limited vocabulary. The court determined

7.

that it would not be in S.L.'s best interest to mandate video sessions with appellant, or to require her to be taken to prison to visit appellant. The court found that upon appellant's release that meaningful visitations could resume in a safe, supervised setting.

{¶ 21} As to the motion to vacate judgment, the trial court found that at the time of S.L.'s birth, C.C.'s husband was presumed to be the father pursuant to R.C. 3111.03(A)(1), which was ultimately rebutted by genetic testing, but not until after S.L. had been adjudicated a dependent child. Once appellant was determined to be the father of S.L., he was added as a party to the proceedings and participated in the hearing on R.L. and W.L.'s motion for legal custody. Thus, the trial court found that it had and continues to have jurisdiction over S.L. and appellant, and subject-matter jurisdiction over the case.

{¶ 22} On May 10, 2018, in case No. CIV 2018 00035, the trial court entered its judgment granting appellant's motion, in part. The trial court ordered that appellant shall pay $20 per month in child support, effective November 21, 2017. The court further ordered that Huron County Child Support Enforcement Agency adjust its records to reflect the modified obligation and effective date, and recalculate the resulting arrearage.

{¶ 23} On May 14, 2018, appellant moved for findings of fact and conclusions of law pursuant to Civ.R. 52, which the trial court denied on May 17, 2018, finding that its judgment entry contained sufficient facts to provide a basis for appellate review.

{¶ 24} Appellant timely appealed the trial court's May 3, 2018, and May 10, 2018 judgments, and we consolidated the appeals. After filing his notices of appeal, appellant moved for the appointment of counsel, and for the preparation of transcripts at no cost to

8.

him. The trial court denied these motions, finding that appellant was not entitled to counsel or to the preparation of transcripts at the state's expense in this civil matter involving the allocation of parental rights and responsibilities between two private parties. Thereafter, appellant moved this court for appointment of counsel and the preparation of transcripts at the state's expense, which we likewise denied. However, we extended the deadline for filing a supplemental record, and instructed appellant that he may file an App.R. 9(C) statement of the evidence approved by the trial court by August 31, 2018. On August 24, 2018, appellant filed an App.R. 9(C) statement of the evidence with the trial court. The record does not contain an entry from the court approving and settling appellant's App.R. 9(C) statement of the evidence.[1] We further note that no other transcripts have been prepared or filed with this case.

{¶ 25} Appellant now sets forth the following seven assignments of error:[2]

1. The trial court violated appellant's due process right as guaranteed by the Fifth and Fourteenth Amendment of the United States

---

[1] Appellant has since, on February 19, 2019, filed a "Motion for Leave to File Instanter," asking this court to supplement the record with his App.R. 9(C) statement of the evidence. We note that the record already contains appellant's App.R. 9(C) statement of the evidence, thus we deny his February 19, 2019 motion as moot. We will consider the information contained in appellant's non-approved App.R. 9(C) statement to the extent that it is relevant to our analysis.

[2] Despite the appeals being consolidated, appellant has filed two separate appellate briefs. We will consider all of appellant's assignments of error as if they were raised in one brief.

9.

Constitution and Ohio Constitution, Article I, Section 16, R.C. 5107.37 and R.C. 5153.16(A)(1) were violated, resulting in a miscarriage of injustice.

2. The trial court erred and abused its discretion in finding [appellant's] daughter [S.L.] a dependent child when the venue requirements had not been met.

3. The trial court erred as a matter of law to make findings of fact and conclusions of law in accordance with R.C. 2151.28(L).

4. The trial court violated [appellant's] due process rights to appointment of counsel at his child support and visitation trial held on April 30, 2018.

5. The trial court abused its discretion by denying [appellant's] motion to vacate judgment due to the trial court lacking subject matter jurisdiction, or authority over the defendant.

6. The trial court abused its discretion by denying appellant's motion to change parenting time and companionship with his biological daughter.

7. The trial court abused its discretion when it failed to consider appellant's effective date and computing appellant's child support order and arrears.

### III. Analysis

**{¶ 26}** For ease of discussion, we will address appellant's arguments out of order.

### A. Due Process

**{¶ 27}** In his first assignment of error, appellant argues that his due process rights were violated when Huron County Department of Job and Family Services failed to investigate C.C.'s claim that she was raped by appellant, which he contends planted a poisonous seed in the minds of the agency workers, resulting in him never having a fair opportunity to gain custody of S.L.

**{¶ 28}** Because the record does not show that appellant raised this due process argument in the trial court, we will not consider it now.[3] "When a constitutional challenge is not raised before the trial court, it ordinarily will not be addressed for the first time on appeal." *In re A.W.*, 6th Dist. Lucas No. L-14-1205, 2015-Ohio-407, ¶ 49, citing *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.

**{¶ 29}** Accordingly, appellant's first assignment of error is not well-taken.

---

[3] In his non-approved App.R. 9(C) statement of the evidence, appellant makes reference to evidence he attempted to introduce at the April 30, 2018 hearing purporting to show he was involved in a consensual sexual relationship with C.C. However, appellant's recounting of the hearing did not include the claim that Huron County Department of Job and Family Services' failure to investigate C.C.'s allegation of rape violated his due process rights. Nor is that claim made in any of his filed motions.

11.

## B. Venue

{¶ 30} In his second assignment of error, appellant argues that the trial court lacked jurisdiction over the matter because the event of C.C. informing the hospital workers that she did not want to care for her baby occurred at Toledo St. Vincent Hospital in Lucas County, Ohio. Thus, appellant argues that the Lucas County Court of Common Pleas, Juvenile Division, not Huron County, had jurisdiction over the adjudication and disposition, and the Huron County's judgment must be vacated. We disagree.

{¶ 31} R.C. 2151.27(A)(1) provides, in pertinent part, "[A]ny person having knowledge of a child who appears * * * to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency allegedly occurred." Here, the child was born to C.C. at C.C.'s residence in Huron County, Ohio, and was placed into the care of R.L. and W.L., who also live in Huron County, Ohio. Thus, the child's residence or legal settlement is in Huron County, Ohio, and the Huron County Court of Common Pleas, Juvenile Division was the appropriate venue for the proceedings.

{¶ 32} Accordingly, appellant's second assignment of error is not well-taken.

12.

**C. Errors Pertaining to the Adjudicatory and Original Dispositional Hearings**

{¶ 33} Appellant's third assignment of error asserts that the trial court's January 19, 2017 judgment adjudicating S.L. a dependent child did not comply with R.C. 2151.28(L), which requires the trial court to incorporate findings of fact and conclusions of law as to "the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child."

{¶ 34} We hold that appellant's argument is barred by res judicata. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *In re S.J.*, 9th Dist. Summit No. 23199, 2006-Ohio-6381, ¶ 14, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Here, appellant could have raised the alleged deficiency in the January 19, 2017 judgment in a direct appeal from the July 27, 2017 judgment awarding legal custody of S.L. to R.L. and W.L.[4] However, appellant did not appeal the July 27, 2017 judgment, and is thus precluded from contesting alleged errors in the adjudication in his current appeal. *See In re S.J.* at ¶ 15 (in second appeal from legal custody determination, mother was precluded from raising a claim of ineffective assistance of counsel during the adjudicatory hearing).

{¶ 35} Accordingly, appellant's third assignment of error is not well-taken.

---

[4] Appellant could not have appealed the January 19, 2017 judgment directly because he was not a party at the time.

13.

**{¶ 36}** In his fifth assignment of error, appellant argues that the trial court erred when it denied his motion to vacate the adjudicatory and dispositional judgments. The gist of appellant's argument is that he was known to C.C. and to Huron County Department of Job and Family Services in December 2017, and should have been added as a party to the proceedings at that time. He further contends that the failure to add him as a party violated his rights to contest the finding of dependency and the disposition.

**{¶ 37}** To the extent that appellant argues the trial court's judgments were void for lack of jurisdiction, we disagree. We recognize that "[a] void judgment is a nullity and open to collateral attack at any time." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46. However, in this case, the jurisdictional requirements were met. The trial court had subject-matter jurisdiction under R.C. 2151.23(A)(1), which states, "The juvenile court has exclusive original jurisdiction under the Revised Code as follows: (1) Concerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a * * * dependent child." The Huron County Court of Common Pleas, Juvenile Division was the appropriate venue because all the parties resided in Huron County. Finally, jurisdiction was established because the parents were notified of the complaint. "[T]he parents of a minor child or children are entitled to notice, actual or constructive, in a proceeding instituted in the Juvenile Court upon a complaint of dependency of such children. Unless such notice is given to the parents, the jurisdiction of the court does not attach and a judgment of commitment rendered in such proceeding is void." *In re Corey*, 145 Ohio St. 413, 61 N.E.2d 892 (1945), paragraph one

14.

of the syllabus. At the time of the adjudication and disposition, C.C.'s husband was presumed to be the father pursuant to R.C. 3111.03(A)(1), which provides, "A man is presumed to be the natural father of a child under any of the following circumstances: (1) The man and the child's mother are or have been married to each other, and the child is born during the marriage." C.C. and her husband were served with notice of the complaint. Appellant was not legally considered to be the father, and thus was not required to be notified. Therefore, we hold that the trial court's judgments adjudicating S.L. a dependent child and awarding temporary custody of the child to R.L. and W.L. are not void, and should not be vacated for a lack of jurisdiction.

{¶ 38} To the extent that appellant argues it was merely error to not add him as a party to the adjudication and disposition proceedings, we find that appellant's arguments are barred by res judicata. While the best practice would have been for the trial court to make appellant a party to the proceedings as the putative father, appellant is precluded from raising the issue now. As with appellant's third assignment of error, the issue could have been raised following the trial court's July 27, 2017 final order granting R.L. and W.L.'s motion for legal custody. Because it was not, we hold that res judicata applies.

{¶ 39} Accordingly, appellant's fifth assignment of error is not well-taken.

### D. Right to Appointed Counsel

{¶ 40} In his fourth assignment of error, appellant argues that the trial court violated his rights when it did not appoint counsel for the child support and visitation hearing held on April 30, 2018.

15.

{¶ 41} R.C. 2151.352 provides that a child's indigent parents shall be entitled to appointed counsel at all stages of the proceedings under R.C. Chapters 2151 and 2152. However, R.C. 2151.352 further provides a number of exceptions to that right.

{¶ 42} As to appellant's argument that he was entitled to appointed counsel during the child support modification hearing, we find that the exception under R.C. 2151.352 pertaining to the trial court's exercise of jurisdiction under R.C. 2151.23(F)(2) regarding child support matters applies. Therefore, we hold that appellant did not have a right to counsel for purposes of the child support modification hearing.

{¶ 43} As to appellant's argument that he was entitled to appointed counsel during the hearings on his motions for a communication order and to change parenting time, we find that no exception under R.C. 2151.352 applies, and thus appellant was entitled to appointed counsel. In denying appellant's request for counsel, the trial court characterized the proceedings as a civil matter between two private parties. Such proceedings arise under R.C. 2151.23(A)(2), which states, in relevant part, "The juvenile court has exclusive original jurisdiction under the Revised Code as follows: * * * (2) * * * to determine the custody of any child not a ward of another court of this state." The trial court's characterization is incorrect. Courts have invoked that provision only in custody proceedings between private parties, not where there has been a finding of abuse, dependency, or neglect. *In re D.R.*, 153 Ohio App.3d 156, 2003-Ohio-2852, 792 N.E.2d 203, ¶ 10 (9th Dist.) (R.C. 2151.23(A)(2) "applies to private custody actions between presumptively fit parents and nonparents"). *See, e.g., In re D.H.*, 10th Dist. Franklin No.

16.

11AP-761, 2012-Ohio-2272; *In re D.J.M.*, 11th Dist. Lake No. 2011-L-022, 2011-Ohio-6836; *In re M.E.H.*, 4th Dist. Washington No. 08CA4, 2008-Ohio-3563.

{¶ 44} In contrast, this matter was initiated upon a complaint in dependency. S.L. was adjudicated dependent, and the trial court entered a dispositional award of temporary custody to R.L. and W.L. pursuant to R.C. 2151.353(A)(2)(f). In accordance with R.C. 2151.353(F)(1), the trial court retains jurisdiction over S.L. until the child attains the age of 18 years, or is adopted. On March 20, 2017, R.L. and W.L. moved for legal custody of S.L. pursuant to R.C. 2151.353(F)(2), which affords any party, other than any parent whose parental rights have been terminated, the right to move the court to modify or terminate any order or disposition issued pursuant to R.C. 2151.353(A). Upon such a motion, the trial court shall hold a hearing as if it were the original dispositional hearing. R.C. 2151.353(F)(2). The trial court held such a hearing, and awarded legal custody of S.L. to R.L. and W.L. pursuant to R.C. 2151.353(A)(3), with appellant having visitation rights.

{¶ 45} Thereafter, appellant filed his motions for a communication order and to change parenting time, in which he sought to modify the court's dispositional order relative to the amount of visitation to which he was entitled. Thus, because it was a motion to modify the trial court's dispositional order that was issued under R.C. 2151.353(A)(3), appellant's motion arose under R.C. 2151.353(F)(2). As such, the trial court was required to conduct the hearing as if it were the original dispositional hearing—with the added requirement under R.C. 2151.42(B) that it "shall not modify or terminate

an order granting legal custody of a child unless it finds, based on facts that have since arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child"—and appellant was entitled to appointed counsel in accordance with R.C. 2151.352. Therefore, we hold that the trial court erred when it denied appellant's motion for appointed counsel for the April 30, 2018 hearing on appellant's motions for a communication order and to change parenting time.

{¶ 46} Accordingly, appellant's fourth assignment of error is well-taken.

### E.  Merits of Trial Court's Decision Denying Appellant's Motion for Modification of Child Support

{¶ 47} In his seventh assignment of error, appellant challenges the trial court's denial, in part, of his motion to modify child support. We review a trial court's decision on child support matters for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶ 48} In particular, appellant first argues that the trial court erred in setting the amount of child support at $20 per month, which is the entirety of his state pay while he is in prison. Next, appellant argues that the trial court erred in setting the effective date as November 21, 2017.

{¶ 49} The record reflects that the original administrative order was proposed on March 29, 2017. Appellant objected to the original order, and after a hearing, the order

18.

was recalculated and mailed to appellant on June 7, 2017. Appellant did not object to the newly recalculated order, and it became final on July 18, 2017. Thereafter, appellant did not notify the Child Support Enforcement Agency when he became incarcerated, and he took no further action on the matter until November 21, 2017, when he submitted his request for a review. A review was held on February 22, 2018, and the child support order was reduced to $50 per month, effective February 1, 2018. Appellant then requested a court review of the child support order, and further filed his motion to modify the order. According to appellant's non-approved App.R. 9(C) statement of the evidence, at the April 30, 2018 hearing on his motions, he argued that the child support order should be reduced to $20 per month, and that it be made effective on June 26, 2017, the date he became imprisoned.

{¶ 50} Regarding appellant's first argument, we find that the trial court did not abuse its discretion in setting the amount of child support at $20 per month. Appellant argues on appeal that the trial court should have set the amount at $10 per month, which, when combined with his other child support obligation, would result in appellant receiving a net $5 a month in state pay. However, in his motion to modify the child support, appellant requested that the court lower the child support order to $20, the amount of his state pay. Likewise, appellant's non-approved App.R. 9(C) statement of the evidence reflects that appellant "ask[ed] the lower court to lower his child support to the amount he is receiving in 'state pay' which is $20 dollars a month or place a stay of $0 per month of child support until appellant is released from incarceration." Thus, we

hold that appellant has not demonstrated that the trial court abused its discretion when the court granted the relief that he requested.

{¶ 51} As to the effective date of the order, given appellant's inaction following the June 7, 2017 recalculated order, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in setting the effective date as the date when appellant requested the review, and not when he became imprisoned. Therefore, we hold that the trial court did not abuse its discretion in setting the effective date as November 21, 2017.

{¶ 52} Accordingly, appellant's seventh assignment of error is not well-taken.

### F. Merits of Trial Court's Decision Denying Appellant's Motions for a Communication Order and to Change Parenting Time

{¶ 53} Finally, in appellant's sixth assignment of error, he argues that the trial court abused its discretion when it denied him visitation and communication rights with S.L. while he was in prison. Because we have held that appellant was denied his right to appointed counsel relative to these motions, we must reverse the judgment of the trial court and remand the matter for further proceedings. Thus, appellant's sixth assignment of error is denied as moot.

{¶ 54} Accordingly, appellant's sixth assignment of error is not well-taken.

### IV. Conclusion

{¶ 55} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgments of the Huron County Court of Common Pleas, Juvenile Division, are affirmed, in part, and reversed, in part. Specifically, we hold that

the trial court's May 3, 2018 judgment is reversed relative to its denial of appellant's motions for a communication order and to change parenting time. The matter is remanded to the trial court for the appointment of counsel and any necessary amendments or supplementation of appellant's motions. All other aspects of the trial court's May 3, 2018, and May 10, 2018 judgments are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgments affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                        JUDGE

Thomas J. Osowik, J.          

Christine E. Mayle, P.J.          _____
CONCUR.                                          JUDGE

                                  _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.