[Cite as *State v. Rigsby*, 2017-Ohio-329.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                :

      Plaintiff-Appellee,              :

- vs –                                              :

JESSICA RIGSBY,                          :

      Defendant-Appellant.          :

CASE NO.   CA2016-06-121

O P I N I O N
1/30/2017

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-02-0160

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 S. Monument, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Jessica Rigsby, appeals from the sentence she received in the Butler County Court of Common Pleas after she pled guilty to trafficking in heroin.  For the reasons outlined below, we reverse and remand for further proceedings.

{¶ 2}  On March 23, 2016, the Butler County Grand Jury returned an indictment charging Rigsby with two counts of trafficking in heroin in violation of R.C. 2925.03(A)(1), both fifth-degree felonies.  After entering into a plea agreement, on May 5, 2016, Rigsby pled

guilty to one count of trafficking in heroin in exchange for the other count being dismissed by the state.

{¶ 3} On June 16, 2016, the trial court held a sentencing hearing and sentenced Rigsby to one year in prison and suspended her driver's license for a period of six months. The trial court also advised Rigsby that she would be subject to an optional three-year term of postrelease control. Although explicitly stating Rigsby was not subject to any fines, the trial court was silent as to whether court costs would be imposed.

{¶ 4} On June 21, 2016, the trial court issued its judgment entry of conviction and, within its entry, ordered Rigsby to pay court costs. Rigsby now appeals, raising one assignment of error arguing the trial court erred by imposing court costs in its sentencing entry when it failed to notify her that it was imposing costs during her sentencing hearing. The state concedes, and we agree, that the trial court failed to inform Rigsby at her sentencing hearing that it was imposing court costs.

{¶ 5} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, the Ohio Supreme Court held that a trial court errs by imposing court costs in its sentencing entry when it failed to impose those costs in open court at the defendant's sentencing hearing. *Id*. at ¶ 22. When such an error occurs, the remedy is to remand for the limited purpose to allow the defendant to move the trial court for a waiver of payment of court costs. *Id*. at ¶ 22-23.

{¶ 6} Upon review of the transcript, it is clear that the trial court did not impose court costs during the sentence hearing. As a result, as the Ohio Supreme Court stated in *Joseph*, Rigsby suffered harm in that she was denied the opportunity to claim indigency and seek a waiver of those costs before the trial court. *Id*; *see, e.g., State v. Howard*, 12th Dist. Butler No. CA2014-04-091, ¶ 9; *State v. Simmonds*, 12th Dist. Clermont No. CA2011-05-038, 2012-Ohio-1479, ¶ 37. Therefore, Rigsby's single assignment of error is sustained and her sentence is reversed and remanded for the limited purpose of imposing court costs in

accordance with the Ohio Supreme Court's holding in *Joseph*.

{¶ 7}   Judgment reversed and remanded for further proceedings.


RINGLAND and M. POWELL, JJ., concur.