[Cite as *State v. Jordan*, 2019-Ohio-1814.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-034

      Appellee                             Trial Court No. 17 CR 264

v.

Kenneth R. Jordan                        **DECISION AND JUDGMENT**

      Appellant                            Decided:  May 10, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Kenneth R. Jordan, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a July 17, 2018 judgment of the Sandusky County

Court of Common Pleas.  That judgment disposed of appellant's July 11, 2018

"MOTION TO VACATE UNLAWFULLY IMPOSED COURT COSTS."

**{¶ 2}** Procedurally, on July 19, 2017, appellant was convicted of two counts of rape, in violation of R.C. 2907.02, felonies of the first degree. Notably, no direct appeal was filed in this case.

**{¶ 3}** In support of his motion before the trial court, appellant submitted a memorandum in which he stated that he had recently received notification from the Ohio Department of Rehabilitation and Correction that he owed court costs in the amount of $2,119. He argued that the court's notification did not specifically state "what these costs would be in the original entry, nor in open court as required by State v. Joseph, 125 Ohio St.3d 76, 926 N.E.2d 278, 2010-Ohio-954."

**{¶ 4}** Appellant asked the court to vacate the costs imposed or, alternatively, requested that the court "Allow him to move the Court for a waiver or the payment of court costs, consistent with the Ohio Supreme Court's holding in Joseph, Id. See also R.C. 2929.18( E )."

**{¶ 5}** On July 17, 2018, the trial court denied the motion. The trial court held, in pertinent part, "The Court in its Sentencing Entry filed July 18, 2017 ordered that he shall pay the costs of prosecution for which costs judgment is awarded and execution shall issue thereon."

**{¶ 6}** Appellant, Kenneth R Jordan, sets forth the following two assignments of error:

2.

1. When the trial court imposed court costs in its sentencing entry but did not impose those costs in open court at the sentencing hearing, it committed reversible error.

2. The trial erred to the prejudice of the defendant when it ordered him to pay unspecified costs, including court appointed counsel fees, without first determining the ability to pay those costs in violation of his right to due process under the *Fourteenth Amendment* of the United States Constitution and the corresponding provision of the *Ohio Constitution*.

{¶ 7} We will address appellant's first assignment of error concerning his assertion that the trial court did not impose court costs "in open court" at the sentencing hearing and therefore, committed reversible error.

{¶ 8} The record establishes that appellant was sentenced on July 19, 2017. It is undisputed that there was no direct appeal from his sentence and the time for an appeal of issues relating to appellant's sentencing has lapsed. App.R. 4(B) sets forth the time to appeal; i.e., "within thirty days of the later of entry of the judgment or order appealed." Therefore, the time for raising any issues concerning the sentencing process or the sentencing judgment entry lapsed on August 18, 2017, approximately one year prior to the filing of the instant case.

{¶ 9} Nevertheless, appellant initially argued that *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, established a remedy for him to vacate the costs assessed in the underlying case. Appellant contends that "The trial court defeats the

3.

requirements of notice and due process when it imposes an aspect of defendant's sentence outside of his presence."

{¶ 10} In appellant's reply brief, he ultimately acknowledges that *Joseph* is no longer good law for the proposition that it is error for a trial court to impose court costs in its sentencing entry without first informing the defendant during the sentencing hearing of its intent to do so. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263.

{¶ 11} Abandoning *Joseph* as a foundation for this case, appellant next declares that R.C. 2947.23 explicitly grants jurisdiction to the trial court "To waive, suspend or modify the payment of costs of prosecution at the time of sentencing, or any time thereafter." That section states: "(C) The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶ 12} For purposes of discussion and illumination, we will note that despite the amendment of R.C. 2947.23(C), this court, along with other districts, have found reversible error where the trial court imposed court costs in the sentencing journal entry that were not imposed at the sentencing hearing. *See, e.g., State v. Potts*, 8th Dist. Cuyahoga No. 104482, 2017-Ohio-4435, ¶ 60-64; *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 33-37; *State v. Elder*, 8th Dist. Cuyahoga No. 104392, 2017-Ohio-292, ¶ 31-34; *State v. Rudd*, 8th Dist. Cuyahoga No. 104567, 2016-Ohio-106, ¶ 84-88; *State v. Kirby*, 9th Dist. Summit No. 27986, 2016-Ohio-8138, ¶ 11-14; *State v.*

4.

*Norris*, 9th Dist. Summit No. 27630, 2016-Ohio-1526, ¶ 23-25; *State v. Pennington*, 5th Dist. Guernsey No. 16CA14, 2017-Ohio-1423, ¶ 22-28; *State v. Jones*, 6th Dist. Lucas No. No. L-16-1014, 2017-Ohio-413, ¶ 39-44; *State v. Rigsby*, 12th Dist. Butler No. CA2016-06-121, 2017-Ohio-329, ¶ 4-6. *See State v. Gardner*, 8th Dist. Cuyahoga No. 104677, 2017-Ohio-7241.

{¶ 13} Here, appellant could have raised the alleged discrepancy between what was stated by the trial court at his sentencing hearing in his presence and what was ultimately incorporated into the July 19, 2017 sentencing entry concerning the imposition of costs in a timely direct appeal. None was filed. Thus, he is precluded from contesting alleged errors at the time of his sentencing in this appeal.

{¶ 14} Based upon the above, we find that appellant's argument in this matter is barred by res judicata. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *In re S.L. v. R.L.*, 6th Dist. Huron No. H-18-009, 2019-Ohio-815, ¶ 34, citing *In re S.J.*, 9th Dist. Summit No. 23199, 2006-Ohio-6381, ¶ 14, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 15} For these reasons, therefore, we find appellant's first assignment of error to be not well-taken and denied.

{¶ 16} We will now address appellant's second assignment of error wherein he argues that "The trial erred to the prejudice of the defendant when it ordered him to pay unspecified costs, including court appointed counsel fees, without first determining the

5.

ability to pay those costs in violation of his right to due process under the *Fourteenth Amendment* of the United States Constitution and the corresponding provision of the *Ohio Constitution*."

{¶ 17} Appellant's argument again takes issue with the trial court in failing to consider his ability to pay appointed counsel fees, "in open court." He further contends that he was indigent and continues to be indigent as evidenced by the cashier's statement from the institution where he is incarcerated.

{¶ 18} In Ohio, prior to imposing the costs of confinement and assigned counsel, the trial court must first find that the defendant has, or will have, the ability to pay. With regard to the cost of confinement, R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the costs of confinement in a state institution to the extent he is able to pay.

{¶ 19} Likewise, R.C. 2941.51(D) provides that the trial court can order the defendant to pay the cost of appointed counsel only if the court determines that the offender has, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered. Although the court is not required to conduct a hearing on a defendant's ability to pay the costs, the record must contain some evidence that the court considered the defendant's financial ability to pay. *State v. Dean*, 6th Dist. Lucas No. L-16-1301, 2018-Ohio-1740.

6.

**{¶ 20}** Recently, the Supreme Court of Ohio in *State v. Braden*, Slip Opinion No. 2018-Ohio-5079, articulated a statutory historical analysis of the imposition of the costs of prosecution against defendants in criminal cases. The court stated:

Beginning with "An Act for the Punishment of Crimes" enacted in 1824, the General Assembly has required trial courts in criminal cases to include the costs of prosecution in the sentence and render a judgment for them against the defendant. R.C. 2947.23(A)(1)(a); G.C. 13451-18, Am.S.B. No. 8, 113 Ohio Laws 123, 201; 22 Ohio Laws 158, 165, Section 35. The "costs of prosecution," or "costs," are "'the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence.'" *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, ¶ 8, quoting *State ex rel. Franklin Cty. Commrs. v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80, 5 Ohio L. Rep. 522 (1907).

R.C. 2947.23 "*requires* a court to assess costs against all convicted defendants," indigent and nonindigent. (Emphasis sic.) *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "Therefore, a defendant's financial status is irrelevant to the imposition [**9] of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

7.

The *collection* of costs is a separate matter. Although the clerk of courts is required by statute to attempt to collect court costs from a nonindigent felony offender, R.C. 2949.14, "[t]he General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants." *White* at ¶ 14. In *White*, we inferred "from this silence that collection from indigent defendants is merely permissive. * * * [W]aiver of costs is permitted—but not required—if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." *Id.* at ¶ 13-15.

{¶ 21} Finally, effective March 23, 2013, the General Assembly enacted R.C. 2947.23(C), which states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶ 22} Interestingly, R.C. 29467.23(C) places no temporal or numerical restrictions on the ability to present a waiver to the trial court on the issue of the costs of prosecution and State Board of Pharmacy investigative costs. It does not, however, enable a defendant to seek a waiver, at anytime, of any other financial sanctions and costs that are imposed at the time of sentencing. More specifically, as it applies to appellant's case, the costs of appointed counsel fees.

8.

{¶ 23} In either event, at the time of sentencing, the trial court in appellant's case made the necessary findings required by statute when it imposed "the costs of court appointed counsel fees."

{¶ 24} Since these findings were made at sentencing, any objections concerning appellant's ability to pay should have been made in a direct appeal. These arguments and the issue of appellant's ability to pay any costs beyond the costs of prosecution must be considered res judicata.

{¶ 25} However, we note in his July 11 motion before the trial court that appellant alternatively sought leave of the court to "Allow him to move the court for a waiver or payment of court costs, consistent with the Ohio Supreme Court's holding in Joseph, Id."

{¶ 26} As we have discussed, and appellant has acknowledged, *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493,108 N.E.3d 1028 reversed *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

{¶ 27} As such, to the extent that the court below denied this alternative relief proposed by appellant, we can find no abuse of discretion.

{¶ 28} Lastly, our review of the record reveals an inherent conflict in the trial court's order of July 17, 2018, from which this appeal is taken. In its denial of appellant's motion, the trial court presumably attempts to quote from the sentencing entry of July 19, 2017 when it included the phrase "He shall pay the costs of prosecution for which costs judgment is awarded and execution shall issue thereon."

9.

**{¶ 29}** However, the second page of the July 19, 2017 sentencing entry states, in relevant part:

> The Court finds that the Defendant has, or may reasonably be expected to have in the future, the means to reimburse Sandusky County for the fees and expenses; and therefore, pursuant to R.C. 2941.51 (D), and he shall pay the costs of prosecution, and court appointed counsel fees, for which costs judgment is awarded and execution shall issue thereon.

**{¶ 30}** The court should make clear its decision in its judgment entry that it had considered and fully resolved the appellant's motion and the alternative relief proposed by appellant. *See State v. White*, Slip Opinion No. 2019-Ohio-1215.

### Conclusion

**{¶ 31}** We find both appellant's assignments of error to be not found well-taken and denied.

**{¶ 32}** Nevertheless, we remand this case to the trial court to clarify its July 17, 2018 judgment entry. The court should proceed with a nunc pro tunc entry denying appellant's motion with respect to both of the "costs of prosecution and court appointed counsel fees."

**{¶ 33}** Judgment of the Sandusky County Court of Common Pleas is affirmed and remanded. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. \_\_\_\_\_

_____
JUDGE

Christine E. Mayle, P.J. \_\_\_\_
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.