[Cite as *State v. Crossley*, 2022-Ohio-2599.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 2020-TRC-493 |
| | : | |
| PAIGE CROSSLEY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2022.

. . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

AMY E. BAILEY, Atty. Reg. No. 0088397, P.O. Box 188, Englewood, Ohio 45322
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Paige Crossley was convicted in the Clark County Municipal Court of operating a vehicle under the influence of alcohol or drugs (OVI). On appeal, she contends that the trial court did not properly impose court costs as part of her sentence. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In January 2020, Crossley was charged with two counts of OVI, driving under suspension, and speeding. The following month, she pled guilty to one count of OVI, a misdemeanor of the first degree (no prior offenses). In exchange for the plea, the three additional charges were dismissed. At the plea hearing, Crossley agreed to complete a three-day driver intervention program (DIP), which she did prior to sentencing.

{¶ 3} At her dispositional hearing, the trial court sentenced Crossley to 160 days in jail with 157 days suspended and three days' credit for DIP attendance, imposed one year of probation, and suspended her driver's license for one year, dating back to the date of the offense. With respect to the mandatory fine and court costs, the trial court told Crossley: "The Statute also mandates that I must fine you at least $375.00 in Court costs. Uh that's what I will do here ma'am. It will be the minimum fine of $375.00." The trial court's written judgment entry reflects the requirement to pay both a $375 fine and court costs. Crossley appeals from her conviction.

{¶ 4} Crossley's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she could

find no non-frivolous issues for appeal. Upon an initial review, we noted that the record was not complete (the record did not contain transcripts of the arraignment and plea hearing) and thus the filing of an *Anders* brief was not appropriate. We further found that, with the record before us, a non-frivolous issue existed as to whether the trial court had informed Crossley at sentencing that it was imposing court costs and a mandatory fine. We rejected the *Anders* brief and appointed new counsel for Crossley. New counsel was ordered to supplement the record with transcripts of all on-the-record proceedings and to file a new brief raising any claims with arguable merit.

{¶ 5} Crossley now raises one assignment of error on appeal, namely that the trial court "improperly issued court costs." She states that she was assessed a total of $970, including a fine of $375, and has paid $130 of that amount. (This statement is consistent with the itemized list of assessments and the allocation of Crossley's payments as noted on the Clark County Municipal Court website.) Crossley argues that no court costs were ordered at sentencing, and thus no court costs should have been assessed; she asks that the balance on her fine be adjusted to $245. The State has not filed a responsive appellate brief.

## II. Imposition of Court Costs

{¶ 6} At the outset, Crossley states that the trial court's order that she pay $375 "should be treated as the mandatory minimum fine for the charge." We agree. Pursuant to the OVI statute, the trial court was required to impose upon Crossley a fine of not less than $375 and not more than $1,075. *See* R.C. 4511.19(G)(1)(a)(iii). The trial court informed Crossley at the plea hearing that it had no discretion "not to fine [her] or to go

below $375." Although the trial court misspoke when it initially told Crossley at sentencing that it was required to impose "at least $375.00 in Court costs," it clarified that it was imposing "the minimum fine of $375.00." The judgment entry reflects a fine of $375 plus court costs. The record thus demonstrates that Crossley was ordered to pay $375 as the mandatory minimum fine under the OVI statute, not as court costs.

{¶ 7} The crux of Crossley's argument is that the court imposed court costs in its judgment entry without orally imposing them at sentencing. Trial courts are required to assess the costs of prosecution against all convicted defendants, even those who are indigent, R.C. 2947.23(A)(1)(a), but the trial court is also permitted to waive such costs.

{¶ 8} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that a trial court committed reversible error under Crim.R. 43(A) when it included court costs in its sentencing entry without orally imposing them at the sentencing hearing. When *Joseph* was decided, however, the motion to waive payment of costs had to be made at sentencing. *See Joseph* at ¶ 12; *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. If a defendant did not seek a waiver at sentencing, the issue was waived and a subsequent challenge to court costs was barred by res judicata. *Threatt* at ¶ 23.

{¶ 9} In Sub.H.B. 247, effective March 22, 2013, the General Assembly amended R.C. 2947.23 to allow the trial court to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*." (Emphasis added.) R.C. 2947.23(C); *see State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 31 ("R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify

the payment of court costs imposed both before and after its effective date.")   It also enacted R.C. 2303.23, which provides that, "[i]f at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim."

{¶ 10} The Ohio Supreme Court has since held that "*Joseph* is no longer good law."   *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263.   It emphasized that the result in *Joseph* "was dictated by the fact that at the time of Joseph's trial, an indigent criminal defendant was required to file a motion for waiver of costs at the time of sentencing.   Thus, if the court failed to mention court costs at the sentencing hearing but then ordered the defendant to pay costs in its entry, the defendant would be deprived of an opportunity to seek a waiver."   (Citation omitted.)   *Id*. at ¶ 264.   The Court reasoned that, with the addition of R.C. 2947.23(C), a defendant no longer needed an appellate court to remand the case for a defendant to request a waiver of court costs.

{¶ 11} In light of *Beasley*, nearly all of the Ohio appellate districts to address the issue have held that, due to the ability to seek a waiver of court costs after sentencing under R.C. 2947.23(C), the trial court's failure to orally impose court costs at sentencing no longer constitutes reversible error.   *See State v. Fissel*, 1st Dist. Hamilton No. C-210483, 2022-Ohio-1856, ¶ 17; *State v. Bubenchik*, 5th Dist. Stark No. 2019-CA-00178, 2020-Ohio-1268; *State v. Price*, 2019-Ohio-500, 130 N.E.3d 1017 (7th Dist.); *State v. Gardner*, 8th Dist. Cuyahoga No. 110606, 2022-Ohio-381, ¶ 28; *State v. Yeager*, 2018-Ohio-574, 106 N.E.3d 274, ¶ 20 (9th Dist.); *State v. Williams*, 12th Dist. Butler No. CA2018-01-012, 2018-Ohio-3989, ¶ 18.   *But see State v. Anderson*, 9th Dist. Summit

No. 29275, 2019-Ohio-5220, ¶ 16 ("[T]he trial court erroneously imposed court costs in its sentencing entries after failing to discuss that issue at the sentencing hearing."); *State v. Jordan*, 6th Dist. Sandusky No. S-18-034, 2019-Ohio-1814, ¶ 12.

{¶ 12} We similarly conclude that *Beasley* governs and that the trial court in this case did not commit reversible error when it ordered Crossley to pay court costs in its judgment entry without clearly informing her of that obligation at sentencing. Pursuant to R.C. 2947.23(C), Crossley may seek a waiver of her court costs in the trial court, if she has not already done so.

{¶ 13} Finally, we note that, unless a trial court designates otherwise, the order that payments for a misdemeanor offense are assigned is set by statute. Under R.C. 2949.111(B), the clerk must assign the misdemeanor offender's payments in the following order: (1) court costs, (2) state fines or costs, (3) restitution, (4) fines, and (5) reimbursements. Each category must be entirely paid before payments are assigned to the next category. *Id.* Here, the trial court did not specify an order of payments that differed from the statutory schedule. Therefore, the clerk appropriately applied Crossley's payments toward her court cost obligation, rather than toward the mandatory fine.

{¶ 14} Crossley's assignment of error is overruled.

### III. Conclusion

{¶ 15} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.


Copies sent to:

Marc T. Ross
Amy E. Bailey
Hon. Stephen A. Schumaker