[Cite as *State v. Towe*, 2023-Ohio-549.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 21CR291 |
| | : | |
| NATHAN TOWE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 24, 2023

. . . . . . . . . . .

ANTHONY E. KENDELL, Attorney for Appellee

JOHN C. CUNNINGHAM, Attorney for Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Nathan Towe appeals from a judgment of the Miami County Court of Common Pleas, which continued his community control, imposed 94 days in the Miami County Jail, and ordered him to pay court costs of $443.50. Towe's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he was unable to find any non-frivolous issues for

appeal. Upon our independent review, we agree with appellate counsel. Accordingly, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} On July 6, 2021, Towe was transported from the Miami County Jail to Upper Valley Medical Center for treatment of an eye infection. There, it was determined that Towe needed to be transferred to Miami Valley Hospital in Dayton for care by an ophthalmologist. Towe received a medical furlough for his out-of-county treatment, and he signed detainer paperwork acknowledging that he was required to return to the jail upon his release from the hospital.

{¶ 3} In the early morning hours of July 7, 2021, Towe was transported to Miami Valley Hospital. Shortly after his arrival, he snuck out of his room and left the hospital against medical advice. Hospital security personnel, who were aware of the detainer paperwork, searched for Towe without success.

{¶ 4} A couple months later, Towe was indicted on one count of escape, in violation of R.C. 2921.34(A)(1), a felony of the fifth degree. He subsequently pled guilty to the charge, and the court sentenced him to two years of community control, beginning on January 18, 2022. Towe was informed that a violation of community control could result in a 12-month prison sentence. At that time, Towe had 196 days of jail time credit. Towe did not appeal his conviction.

{¶ 5} In March 2022, Towe's probation officer filed a motion/affidavit, informing the trial court that Towe had violated several conditions of his community control and requesting a capias for his arrest. Towe was arrested on April 9, 2022. After a hearing

on April 26, 2022, the trial court continued Towe's community control but ordered him to serve 30 days in the local jail.

{¶ 6} In June 2022, Towe again was ordered to appear for a hearing on two alleged violations of the conditions of his community control: (1) that he failed to report to his probation officer after being released from the Miami County Jail (Condition 2), and (2) that he refused to submit to drug testing (Condition 10). At the June 28, 2022 hearing, the parties informed the court that Towe would admit to a violation of Condition 2 and, in return, the State would dismiss the alleged violation of Condition 10. Towe agreed that he wished to waive his right to a hearing on the alleged violations and wanted to admit to the violation of Condition 2. The trial court accepted Towe's admission and found that he had violated Condition 2 of his community control.

{¶ 7} The trial court immediately proceeded to sentencing. After hearing from counsel, the probation officer, and Towe, the trial court continued Towe's community control but ordered him to serve 94 days in the local jail and to pay court costs. The court calculated that Towe had accrued 271 days of jail time credit. The court further ordered that he would be terminated unsuccessfully from community control upon his release from jail. The trial court filed its written judgment entry on July 7, 2022, in which it clarified that Towe was required to pay $443.50 in court costs.

## II. *Anders* Review

{¶ 8} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75,

109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant. *White* at ¶ 14, citing *Marbury* at ¶ 7; *State v. Almeyda*, 2d Dist. Montgomery No. 28727, 2021-Ohio-862, ¶ 3.

{¶ 9} At the outset, we note that the record contains transcripts of Towe's arraignment, plea hearing, and original sentencing hearing. Our review, however, is limited to the proceedings related to the June 2022 notice of violations. Towe did not appeal from his underlying conviction for escape, and res judicata precludes any claim that could have been made on direct appeal. *See, e.g., State v. Eastman*, 2d Dist. Clark No. 2020-CA-5, 2021-Ohio-392, ¶ 8-9.

{¶ 10} We therefore focus on whether any non-frivolous claims exist concerning the trial court's community control violation hearing and the sentence it imposed. Appellate counsel has not identified any potential claims for our review. As an initial step, we must consider whether any potential claims are now moot.

{¶ 11} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55.

{¶ 12} A court may consider extrinsic evidence from outside the record to determine mootness. *E.g., State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8; *Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8.

{¶ 13} In this case, Towe admitted to a community control violation and was sentenced to continued community control with 94 days of local incarceration. The trial court indicated at sentencing and in its judgment entry that Towe's community control would be terminated upon the completion of his jail term. According to the trial court's online docket, Towe has now completed his jail term, and the trial court has terminated his community control. *See* Sept. 30, 2022 Decision. Consequently, even if the trial court improperly found that Towe violated his community control and erred in ordering him to serve 94 days in jail, there is no available remedy. Any claim regarding the

violation hearing and/or the court's imposition of a jail sentence is moot. *See, e.g., State v. Bailey*, 2d Dist. Montgomery No. 26882, 2016-Ohio-5158, ¶ 12.

**{¶ 14}** The trial court did not impose a fine, but it required Towe to pay $443.50 in court costs, pursuant to R.C. 2947.23. Trial courts are required to assess the costs of prosecution against all convicted defendants, even those who are indigent. R.C. 2947.23(A)(1)(a); *State v. Crossley*, 2022-Ohio-2599, 194 N.E.3d 424, ¶ 7 (2d Dist.). Here, the trial court informed Towe at sentencing that he would be required to pay court costs. Moreover, a trial court does not err when it fails to specify the amount of court costs at sentencing; the calculation of court costs is a ministerial act. *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 49. The record does not contain an itemization of the costs imposed, and there is nothing in the record to suggest that the amount ordered in the judgment entry was not authorized by law. On the record before us, we find no non-frivolous issues related to court costs.

### III. Conclusion

**{¶ 15}** We have conducted an independent review of the record, and we agree with appellate counsel that there are no non-frivolous issues for appeal. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.