[Cite as *State v. Grond*, 2026-Ohio-1337.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ASHLEY GROND,

    DEFENDANT-APPELLANT.

CASE NO. 7-25-11

OPINION AND
JUDGMENT ENTRY

Appeal from Henry County Common Pleas Court
Trial Court No. 25 CR 0034

Judgment Affirmed

Date of Decision: April 13, 2026

APPEARANCES:

    *Laurel A. Kendall* for Appellant

    *Gwen Howe-Gebers* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Ashley N. Grond ("Grond"), brings this appeal from the November 6, 2025, judgment of the Henry County Common Pleas Court. On appeal, Grond argues that the trial court erred by ordering Grond to pay court costs without making any findings related to her ability to pay those costs. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On March 26, 2025, Grond was indicted for Aggravated Possession of Drugs in violation of R.C. 2925.11(A)/(C)(1)(d), a first degree felony (Count 1), and Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)/(C)(1)(e), a first degree felony (Count 2).[1] Grond originally pled not guilty to the charges.

{¶3} On September 18, 2025, Grond entered into a negotiated plea agreement wherein she agreed to plead guilty to an amended Count 2, Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)/(C)(1)(d), a second degree felony. Pursuant to the agreement, Count 1 would be dismissed. In addition, Grond also agreed to testify against a co-defendant.

---

[1] The specific drug allegedly involved was methamphetamines in an amount that equaled or exceeded fifty times the bulk amount but less than one hundred times the bulk amount.

{¶4} A change-of-plea hearing was held wherein the trial court determined that Grond was entering a knowing, intelligent, and voluntary plea. The trial court found Grond guilty of the amended charge and ordered a pre-sentence investigation.

{¶5} Prior to sentencing, Grond filed a motion to waive the mandatory fine associated with her conviction, asserting that she had no money and no income.

{¶6} On November 5, 2025, Grond's sentencing hearing was held. After hearing the arguments of the parties related to sentencing, the trial court sentenced Grond to serve a mandatory, indefinite prison term of 6 to 9 years. The trial court waived the mandatory fine in light of Grond's indigence. Nevertheless, the trial court stated, "you do need to pay the court costs of this action, court costs will be stayed for collection until sixty days after you are released from incarceration." (Nov. 5, 2025, Tr. at 9).

{¶7} On November 6, 2025, the trial court issued its final judgment entry memorializing Grond's sentence. The trial court reiterated that it was granting Grond's motion to waive the mandatory fine in this case, and stated as follows with regard to court costs:

> Costs of proceedings are assessed against the defendant for which execution is hereby awarded. The Court advised the defendant that if she failed to pay costs as ordered, she may be required to perform community service pursuant to the provisions of Ohio Revised Code Section 2947.23. The collection of court costs shall be stayed until 60 days after the defendant is released from incarceration.

(Doc. No. 46).

{¶8} Grond now brings the instant appeal from the trial court's judgment, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court erred to the detriment of Appellant when she was ordered to pay "court costs" without specifying exactly which costs were being imposed, once released from confinement, and arguably without any findings on which to base the ability to pay.**

{¶9} In her assignment of error, Grond argues that the trial court erred by ordering her to pay court costs in this matter without making findings regarding her ability to pay and without further defining the "court costs."

Analysis

{¶10} "By statute, the imposition of court costs on all convicted defendants is mandatory." *State v. Taylor*, 2020-Ohio-3514, ¶ 6. Revised Code 2947.23(A)(1)(a) reads: "In all criminal cases . . . the judge or magistrate *shall* include in the sentence the costs of prosecution . . . and render a judgment against the defendant for such costs." (Emphasis added.) The Supreme Court of Ohio has held that the "strict statutory language [of R.C. 2947.23(A)(1)(a)] '*requires* a court to impose costs against all convicted defendants,' indigent or not." (Emphasis *sic*.) *Taylor* quoting *State v. White*, 2004-Ohio-5989, ¶ 8.

{¶11} Notably, R.C. 2947.23(C) gives a trial court continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution . . . at the time

of sentencing or at any time thereafter." Thus while a trial court *must* impose court costs, it may also waive or suspend them. The Supreme Court of Ohio has noted that R.C. 2947.23 provides no specific criteria for a court to consider when determining whether to waive, suspend, or modify court costs. *Taylor* at ¶ 8.

{¶12} In *State v. Taylor*, *supra*, the Supreme Court of Ohio considered the specific question of whether a trial court must consider "the defendant's present or future ability to pay the costs" before imposing court costs pursuant to statute. 2020-Ohio-3514, ¶ 1. After analyzing the issue, the Court held, "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id*. at ¶ 16.

{¶13} Based on the preceding legal authority, we reject Grond's claim that the trial court had to make some findings related to her "ability to pay" court costs. Regardless, there is some implicit consideration of the issue given that the trial court waived the mandatory fine but not court costs.[2]

{¶14} We are similarly unpersuaded by Grond's claim that the trial court did not explain which "court costs" it was imposing upon her. Again, the trial court is required by statute to impose court costs and enter a judgment for court costs. Ohio

---

[2] Even if the trial court needed to consider Grond's ability to pay, the record indicated she was a high school graduate and had either completed an associates degree in culinary arts or was close to completing it. There was no indication in the record that Grond was unable to work, or, in the alternative, perform community service to satisfy the court costs. Grond's PSI established that she had employment in the past but her drug issues and convictions often caused problems. Grond was born in 1986, thus she would be under 50 years old at the time of her release from prison.

Appellate Courts have held that "a trial court does not err when it fails to specify the amount of court costs at sentencing; the calculation of court costs is a ministerial act." *State v. Towe*, 2023-Ohio-549, ¶ 14 (2d Dist.). If Grond feels there is a miscalculation of her court costs, the trial court retains continuing jurisdiction to address that issue. In the record before us, she has not demonstrated any error.

{¶15} Simply put, the trial court complied with its statutorily-mandated duty to impose court costs in this matter. Grond has not demonstrated that the trial court committed any error by imposing the mandated court costs, thus her assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to Grond in the particulars assigned and argued, her assignment of error is overruled and the judgment of the Henry County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm